FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 19, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  4:19-cr-06007-SMJ-01 |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| ROBERT SAMUEL TILLMAN (01), | |
| Defendant. | |

Before the Court, without oral argument, is the United States' Motion to Disclose Pre-Indictment Pleadings for Discovery But Not Unsealing and for Protective Order, ECF No. 28. The Government informs the Court that it must disclose information in order to meet its disclosure obligations. *Id.* However, it requests that the search warrants relating to the investigation in this case, which have been filed under seal, remain sealed to public access in order to protect ongoing investigations and alleviate safety concerns. *Id.* at 2. The Government seeks authorization to disclose the sealed documents to defense counsel without disturbing the sealed nature of the documents. Moreover, the investigation involves multiple victims including a minor. *Id.* The Government simultaneously seeks a protective order relating to the minor victim pursuant to 18 U.S.C. §

PROTECTIVE ORDER - 1

3509(d)(3)(B)(ii), as well as broader prohibitions to ensure that Defendant himself diligently protects the disclosure of sealed information. *Id.* at 3, 5–6.

Defendant Robert Samuel Tillman (01) opposes the motion. ECF No. 34. First, he objects to the Government's request that he and counsel refer to the minor by her initials or pseudonym during proceedings. *Id.* at 2. Second, he objects to the Government's request that "any reference to the content of the Protected Discovery" be filed under seal. *Id.* (citing ECF No. 28 at 6). He cites to the Sixth Amendment right to a public trial, arguing that papers filed with the court "are an integral party of the trial process and fall well within the expansive ambit of the public trial right." *Id.* at 3.

The Court rejects Defendant's first argument, determining that referring to a minor—whose name is not in the public record—by her initials or pseudonym does not intrude upon Defendant's constitutional rights. Without belaboring the compelling privacy interests of the minor, such a nonintrusive protection may actually prevent the need to close entire proceedings, which is undoubtedly a more stringent restriction. *See Maryland v. Craig*, 497 U.S. 836 (1990) (noting that protecting minor victims from further trauma and embarrassment is a compelling interest and listing cases); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 608–09 (1982) (noting that safeguarding the physical and psychological well-being of a minor is a compelling interest).

The Court now turns to Defendant's second argument. The cases that Defendant cites involve closures of proceedings or the sealing of documents whereby the *press* asserts First Amendment rights and the courts must balance those rights against the defendant's. *See, e.g.*, *Associated Press v. U.S. Dist. Court*, 705 F.2d 1143, 1145 (9th Cir. 1983) ("[T]he public and press have a first amendment right of access to pretrial documents in general.").

Nonetheless, the Court recognizes Defendant's assertion of his Sixth Amendment right to a public trial. "The public trial guarantee was created for the benefit of defendants." *United States v. Sherlock*, 962 F.2d 1349, 1356 (9th Cir. 1989) (citing *Waller v. Georgia,* 467 U.S. 39, 46 (1984)). "Openness in court proceedings may improve the quality of testimony, induce unknown witnesses to come forward with relevant testimony, cause all trial participants to perform their duties more conscientiously, and generally give the public an opportunity to observe the judicial system." *Gannett Co. v. DePasquale,* 443 U.S. 368, 383 (1979). This right is not absolute "and must give way in some cases to other interests essential to the fair administration of justice." *Sherlock*, 962 F.2d at 1356.

In *Waller,* the Supreme Court adopted the following test for determining when a defendant's right to a public trial is outweighed by other considerations: (1) a party seeking to close a court proceeding (or seal documents) must advance an overriding interest that is likely to be prejudiced; (2) the restriction must be no

broader than necessary to protect that interest; (3) the trial court must consider reasonable alternatives to closing the proceeding (or sealing documents); and (4) the trial must make findings adequate to support the restriction. 467 U.S. at 48.

Here, the Government does not seek to totally or partially close any proceedings including trial. *See id.* (involving total closures); *Sherlock*, 962 F.2d at 1357 (involving partial closures). Rather, it requests that the parties and witnesses file under seal "any reference to the content of the Protected Discovery." ECF No. 28 at 6. The Government fails to define what constitutes "Protected Discovery" and Defendant "presumes" it refers to any discovery produced by the Government. ECF No. 34 at 6. Instead, the Court believes it was a typo for "Protective Discovery," which the Government defines as the search warrants that are currently sealed, as well as any additional search warrants that will be obtained and filed under seal. ECF No. 28-1 at 4.

As Defendant did not object to the Government's request regarding the sealed search warrants, the Court gathers that Defendant would likely withdraw this objection in light of this information. Nonetheless, assuming without deciding that Defendant's right to a public trial encompasses pretrial documents as well, the Court finds that the Government's overriding interest in protecting ongoing criminal investigations necessitates a short-term sealing of the search warrants relating to this matter. No other alternatives would protect the contents of those search

warrants. When appropriate, the sealed documents may be unsealed upon request. Thus, the Court finds that this request does not impinge upon Defendant's right to a public trial, and that sealing documents referencing the contents of the sealed search warrants is necessary until shown otherwise.

Accordingly, **IT IS HEREBY ORDERED** that the United States' Motion to Disclose Pre-Indictment Pleadings for Discovery But Not Unsealing and for Protective Order, **ECF No. 28**, is **GRANTED**.

The Court finds that a protective order pursuant to 18 U.S.C. § 3509(d) is necessary in this case. Accordingly, the Court enters the following protective order:

**IT IS FURTHER ORDERED** that the privacy protection measures mandated by 18 U.S.C. § 3509(d), when a case involves a person under the age of eighteen years who is alleged to be a victim of a crime or a witness to a crime committed against another person, apply to this case, thus;

**IT IS FURTHER ORDERED** that all persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B), shall follow and abide by the privacy protections of 18 U.S.C. § 3509(d)(1) and (2) as follows:

    (d)    Privacy protection.—

        (1)    Confidentiality of information.—

            (A)    A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall—

          (i)      keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

          (ii)     disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

    (B)    Subparagraph (A) applies to—

          (i)      all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

          (ii)     employees of the court;

          (iii)    the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

          (iv)    members of the jury.

    (2)    Filing under seal.—All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who

makes the filing shall submit to the clerk of the court—

(A)    the complete paper to be kept under seal; and

(B)    the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

18 U.S.C. § 3509(d)(3)(B).

**IT IS FURTHER ORDERED** that any alleged minor victim will be referred to either by initials or a pseudonym, whichever is agreed upon by counsel for the United States and Defendant. Counsel shall be consistent in their use of the identifier selected. The parties shall prepare their witnesses and instruct them to refer to the alleged minor victims only by using the agreed pseudonyms (e.g., "Jane Doe 1," "Jane Doe 2," etc.), rather than their names, in opening statements and in closing arguments.

**IT IS FURTHER ORDERED** that the United States is permitted to disclose the following search warrants that are all currently sealed by the Court (hereinafter "Protected Discovery") to counsel for the above referenced Defendant pursuant to its discovery obligations:

the search warrant in case number **1-18-mj-04168-MKD**;

the search warrant in case number **4-18-mj-07191-MKD**;

the search warrant in case number **4:18-mj-07193-MKD**;

the search warrant in case number **1:19-mj-04012-MKD**; and

**any additional search warrants obtained that are filed under seal and would constitute discovery in this case**.

The Court finds that the need for confidentiality of information contained in the search warrants outweighs the public's interest in disclosure. Accordingly, applications, orders, and the warrants themselves shall otherwise remain sealed by the Court.

**IT IS FURTHER ORDERED** that:

1. The Government will provide discovery materials (including Protected Discovery) on an ongoing basis to defense counsel;

2. Defense counsel may possess but not copy (excluding the production of necessary working copies) the discovery materials, including sealed documents;

3. Defense counsel may show to, and discuss with, Defendant the discovery material, including sealed documents;

4. Defense counsel shall not provide original or copies of discovery materials directly to Defendant;

5. Defense counsel shall not otherwise provide original or copies of the discovery material to any other person, including subsequently appointed or retained defense counsel, but excluding any staff of

defense counsel or investigator and/or expert engaged by defense counsel, who will also be bound by the terms and conditions of the protective order;

6.    The Government, defense counsel, and witnesses may reference the existence and content of sealed discovery material in open and closed court proceedings relevant to the Indictment in case number 1:19-cr-06007-SMJ; provided however, any reference to the **contents** of Protected Discovery shall be filed under seal.

7.    The parties may seek relief from this Order for good cause shown.

**IT IS FURTHER ORDERED** that counsel shall remind all persons providing assistance on this case of these obligations.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 19th day of February 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge